UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES WOODS                                    CIVIL ACTION NO. 19-cv-0819

VERSUS                                         JUDGE WALTER

SABINE BOMESBERGER, ET AL                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff filed this civil action in state court for damages arising out of a motor vehicle accident. Defendant Progressive Paloverde Insurance Company removed the case to this court on a basis of diversity jurisdiction, which puts the burden on the removing defendants to show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The notice of removal states that defendant Progressive Paloverde is "domiciled in the State of Indiana and has its principal place of business in the State of Ohio." The notice of removal does not state the specific type of entity of Progressive. Assuming it is a corporation, it is a citizen of both (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict

adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Progressive will need to file an amended notice of removal to allege its type of entity. If it is a corporation, it will also need to allege its state of incorporation (in addition to its current allegation that its principal place of business is in Ohio).

The notice of removal states that Plaintiff "is a resident of Caddo Parish." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). The petition filed in state court states that Plaintiff is a "resident and domiciliary" of Louisiana. For the sake of clarity of the record, Progressive should include in its amended complaint an allegation regarding Plaintiff's domicile.

Requiring such detailed information may seem like an imposition, but the court has an obligation to examine the basis of its subject-matter jurisdiction even if no party contests it. The need to establish citizenship with specificity at an early stage of the case was recently emphasized in Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530 (5th Cir. 2017), where four years of litigation in federal court were wasted because the plaintiff did not properly plead citizenship in the district court. Plaintiff will need to file, no later than **July 15, 2019**, an amended complaint that alleges citizenship of the parties in accordance with the rules set forth above.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of June, 2019.

Mark L. Hornsby
U.S. Magistrate Judge